**UNITED STATES of America, Plaintiff,**

v.

**INTERNATIONAL BUSINESS MACHINES CORPORATION, Defendant.**

**No. 69 Civ. 200 (DNE).**

United States District Court, S. D. New York, Civil Division.

June 27, 1978.

U. S. Dept. of Justice, Antitrust Div., for U. S.

Cravath, Swaine & Moore, New York City, for defendant IBM.

---

1. The approximately 500 exhibits were listed on Defendant's Exhibit 3751 marked for identification, which was also offered and received into evidence at transcript page 80,061.

2. *See* Pretrial transcript of August 6, 1974 Conference.

**MEMORANDUM AND ORDER**

EDELSTEIN, Chief Judge:

On September 25, 1978 International Business Machines Corporation, defendant in this civil antitrust action, offered into evidence approximately 500 documents, including Defendant's Exhibits 5515 through 5598 marked for identification.[1] The United States of America, plaintiff in this action, raised no objection to the receipt of the exhibits into evidence, but applied to the court to limit public access to Defendant's Exhibits 5515 through 5598 marked for identification. Defendant took no position with respect to that application. The court received the exhibits into evidence but reserved decision on the government's application.

The documents for which confidential treatment is sought consist for the most part of export applications and licenses. They were originally requested by defendant from the United States Department of Commerce during the discovery stage of this trial. The Secretary of Commerce refused to comply with defendant's request, relying in part on the Export Administration Act of 1969, as amended, which classifies the documents at issue as "confidential"; disclosure of these documents is prohibited "unless the [Secretary of Commerce] determines that the withholding thereof is contrary to the national interest." 50 U.S. C.A. App. § 2406(c) (Supp.1978). A confrontation between the court and the Secretary of Commerce appeared probable,[2] until in a letter to the court dated August 16, 1974 the Secretary determined that withholding the documents "would be contrary to the national interest and to the interests of national defense; provided however, that *access to such information* is restricted to the Court and to members of the active litigation team of each party . . . ."[3]

---

3. Letter from Secretary of Commerce Frederick B. Dent to Honorable David N. Edelstein (August 16, 1974), annexed hereto as Appendix I, at 734.

On October 17, 1974 the court issued Pretrial Order No. 17[4] which provides, in relevant part, for limited access to those confidential documents produced from the Department of Commerce files; only persons engaged in the conduct of this litigation who have executed the Secrecy Agreement attached to Pretrial Order No. 17 may inspect those papers.

Defendant's Exhibits 5515 through 5598 are all documents which fall explicitly within the terms of Pretrial Order No. 17. The principal reason for limiting access to these documents during the pretrial stage of this action—that public disclosure impairs the government's ability to gather reliable data from the business community—is equally relevant today. Accordingly, the government's application is granted. These documents will be kept under seal and made available only to persons engaged in this litigation who have executed the Secrecy Agreement.

So Ordered.

### APPENDIX I

Honorable David N. Edelstein
Chief Judge
United States District Court
Southern District of New York
U.S. Court House, Foley Square
New York, New York 10007

Re: *United States v. International Business Machines Corporation*, 69 Civ. 200 (S.D. N.Y.)

Dear Judge Edelstein:

The International Business Machines Corporation (IBM), defendant in the above litigation, has requested the disclosure of certain documents under Pretrial Order No. 11. Many of the documents requested contain information obtained by the Department of Commerce pursuant to provisions of the Export Control Act of 1949, as amended (50 U.S.C. App. § 2021 *et seq.*), the Export Administration Act of 1969, as amended (50 U.S.C. App. § 2401 *et seq.*), and the Defense Production Act of 1950, as amended (50 U.S.C. App. § 2061 *et seq.*).

The Acts in question expressly require that such information be held in confidence and not be disclosed by this Department, absent a finding that the withholding of such information would be contrary to the national interest (the Export Acts) or to the interests of national defense (the Defense Production Act). See 50 U.S.C. App. §§ 2026(c), 2406(c) and 2155(e). The Congress of the United States has repeatedly endorsed the strict nondisclosure policy consistently followed by the Department since the passage of these Acts. Among the documents sought by IBM that contain information obtained in the Department's administration of the Export Acts are *export license applications*, including supporting documents and papers, and *export licenses*. Defendant IBM has also sought the *Industrial Evaluation Board Report, 1970, Computers* and related documents. This report was prepared by the Department on the basis of information obtained under the Defense Production Act. These documents are those described in the Defendant's Memorandum of June 26, 1974 to the Court (page 8) as falling in Categories (1) and (4).

In considering whether I am justified to determine under the above Acts that the withholding of the documents or information described above would be contrary to the national interest or to the interests of national defense, as appropriate, I have taken into account several factors.

The basic factor against my issuing such a determination is the mandate of Congress under the above Acts not to provide access to such information for any purposes other than those for which it was collected. I am mindful that this statutory privilege was not enacted for the benefit of government, but for the benefit of the persons supplying information to government. Thus, the disclosure of such information under the ex-

---

4. Annexed hereto as Appendix II. The list of companies whose documents are subject to Pretrial Order No. 17, which was appended to the Order when filed, is omitted from this Appendix.

ceptional circumstances warranting a national interest or national defense determination is not one to be arrived at lightly—whenever it appears expedient for government to do so. Moreover, the government has a long-term interest in not impairing its continued ability to collect reliable data from the business community. It is well established that all cooperation ceases when the persons supplying proprietary information are no longer confident that the collecting agency will not disclose it. The accuracy of the data obtained by the Department of Commerce is due to its scrupulous observance of confidentiality safeguards throughout the years.

On the other hand, I am aware of the considerable importance of the computer industry and other computer-related fields to this nation's economy and to our national defense. The impact which the outcome of this litigation may have on these industries is significant, and I therefore have no difficulty in finding that this litigation has an impact on the national interest and the national defense. In determining whether it would be contrary to the national interest and the interests of national defense to withhold the documents referred to above, I must weigh the degree of harm which disclosure may cause to persons who have supplied information under the above Acts, against any national interest and national defense objectives to be served by such disclosure.

Those companies which have been the subject of extensive discovery by defendant IBM during the pretrial proceedings could have been required by the defendant to provide such information directly. In fact, some of this information may already have been obtained by the defendant from such companies. Such companies having already been identified by the defendant and having had an opportunity to object and be heard by the Court, should not be unduly injured if information obtained from them is disclosed by the Department provided such disclosure is strictly limited in terms of access to, and use of, the information.

In view of the above, pursuant to the authority contained under Section 6(c) of the Export Control Act of 1949, as amended, Section 7(c) of the Export Administration Act of 1969, as amended, and Section 705(e) of the Defense Production Act of 1950, as amended, I hereby determine that the withholding of the information described above, if obtained from companies which were identified by the Defendant IBM and were subjected to extensive discovery in this litigation, would be contrary to the national interest and to the interests of national defense; provided however, that *access to such information* is restricted to the Court and to members of the active litigation team of each party and provided that *use of this information* by persons having access thereto, will be limited to these pretrial proceedings and subject to all of the protective safeguards contained in the Pretrial Orders of the Court. In the event that it should appear necessary to use any part of such information in the context of the trial, it is understood that before such use of the information is made, notice would be given to opposing counsel and the Court would rule on the propriety of such use.

I ask that the Court advise whether it will implement the above terms of disclosure, so that I may proceed with the production of the documents.

In order to further demonstrate our desire to cooperate with the Court to the greatest extent possible, the Department will contact any companies which have not been identified by the Defendant IBM to explain to these companies the importance of this litigation, the terms of the protective orders which may be issued by the Court, and to request them to consider authorizing the Department to provide the Court all the information obtained from them which falls into Categories (1) and (4) as described above.

Sincerely,

(s) Frederick B. Dent
Secretary of Commerce

## APPENDIX II

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

--------------------------------

UNITED STATES OF AMERICA, :

            Plaintiff, :

                    : 69 Civ. 200

     –against–     : Civ. No. 72–344

                    : (D.N.E.)

INTERNATIONAL BUSINESS : 
MACHINES CORPORATION, :

            Defendant. :

--------------------------------

## PRETRIAL ORDER NO. 17

WHEREAS Rule 26(c) of the Federal Rules of Civil Procedure provides for the issuance of protective orders limiting the disclosure of discovered information in appropriate circumstances;

WHEREAS the Secretary of Commerce has, as set forth in his letter to the Court dated August 16, 1974, determined that the withholding of certain documents described below would be contrary to the national interest or to the interest of the national defense, as appropriate;

WHEREAS plaintiff has sought a protective order relating to such documents pursuant to Rule 26(c); and

WHEREAS the parties have been heard and the Court has been duly advised, it is hereby

ORDERED, ADJUDGED AND DECREED that, in plaintiff's production of documents from the Department of Commerce files (i) relating to export applications, licenses and supporting data for the years 1968 through 1972, and existing computerized records containing information from such documents for the years 1965 through 1972, with respect to the companies identified in Appendix I hereto, their predecessors, successors and subsidiaries; (ii) Industrial Evaluation Board Report, 1970, Computers, and all related documents; (iii) technical reviews of EDP commodities related to export licenses for the calendar years 1961 through 1972; and (iv) investigative files relating to export control matters, with the exception of information disclosing the identity of confidential informers, sources of information and investigative procedures, provided that in the case of any excision, plaintiff shall provide defendant with sufficient information as to the nature of the information excised so that the propriety of the excision may be presented for determination by the Court, in which event the document, in unexcised form, shall be delivered to the Court for review.

(1) Documents designated as subject to the provisions of this Order shall be made available for defendant's inspection and copying. Defendant shall take all steps necessary to prevent the disclosure of such documents or any information obtained from such documents to any person other than an attorney engaged in the conduct of this litigation and to persons assisting the said attorneys in the conduct of this litigation. Such documents and information shall be made available only to those persons that counsel deems necessary in the conduct of the litigation, and all attorneys and all such persons shall be notified of the entry of, and the terms of this Order before they are permitted access to any such documents or information, and each such attorney and each such person shall agree by executing a Secrecy Agreement in the form attached hereto not to use such documents or any information contained in such documents for any purpose other than for use in this litigation.

(2) Employees of defendant other than attorneys having access to such information shall include only employees on full-time assignment to counsel for IBM in this case, and IBM shall establish a procedure whereby no employee of IBM to whom the confidential information covered by this Protective Order, or any part thereof, is made available shall be transferred to any other position within IBM except upon (i) fifteen (15) days' written notice to plaintiff and (ii) the review and written determination by the Vice President and General Counsel of IBM, served upon the plaintiff, that such transfer will in no way jeopardize the interests of the

individual company from which the information was obtained.

(3) All such information shall be kept in secure, segregated facilities and access to those facilities shall be permitted only to persons employed in the preparation or trial of this action.

(4) Documents designated as containing classified information may be examined on behalf of defendant only by duly authorized persons who have the requisite security clearances necessary for an examination of such classified material. All such materials and any copies thereof will be handled by defendant under appropriate security conditions until declassification has been effected.

(5) The protection provided by this Order shall endure until such time as an Order or Orders of this Court shall be entered governing the use of proprietary and classified information at the trial.

Dated at New York, New York, this 17th day of October 1974.

/s/_____

DAVID N. EDELSTEIN
Chief Judge

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

--------------------------------
UNITED STATES OF AMERICA,  :

                  :

         Plaintiff,  :

                  :  69 Civ. 200

    –against–     :  Civ. No. 72–344

                  :    (D.N.E.)

INTERNATIONAL BUSINESS  :
MACHINES CORPORATION,  :

                  :

        Defendant. :
--------------------------------

### SECRECY AGREEMENT

I, _____, have read the attached Pretrial Order No. 17 entered in this action, and know the terms thereof. In connection with documents produced in this action and designated as containing sensitive commercial or proprietary information, I agree not to use such documents or any information contained in such documents for any purpose other than for use in this litigation.

Signed_____

Dated _____